IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

15557-054
(Inmate Number)

Rafael Santos
(Name of Plaintiff)

FCI - Allenwood, PO Box 2000
(Address of Plaintiff)

White Deer PA 17887

vs.

Corrective Care Inc

P.O. Box 2000 White deer PA 17887

Ms. K Dewald - Ms. Backovan
(Names of Defendants)

3:11-CV-40
(Case Number)

COMPLAINT

FILED
WILLIAMSPORT, PA
JAN - 6 2011
MARY E. D'ANDREA, CLERK
Per ___ Deputy Clerk

TO BE FILED UNDER: ____ 42 U.S.C. § 1983 - STATE OFFICIALS
                    _X_ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  Previous Lawsuits

    A.  If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

    _____
    _____
    _____
    _____
    _____

II. Exhaustion of Administrative Remedies

    A.  Is there a grievance procedure available at your institution?
        _✓_Yes  ___No

    B.  Have you filed a grievance concerning the facts relating to this complaint?
        _✓_Yes  ___No

        If your answer is no, explain why not _____
        _____

    C.  Is the grievance process completed? _✓_Yes  ___No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant Ms. K Dewald is employed as Supevisor at Corrective Care Inc

B. Additional defendants Ms. Backovan - PA

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. 

2. 

3.

## V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Compansation in the amount of $75,000 x 3 for This Case. and fear of Retaliaton from the facility Staff  75,000 x 1

2.

3.

Signed this _____ day of _____, ____.

(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
(Date)                  (Signature of Plaintiff)

3

## ATTACHMENT

Where Medical had no justification to establish specific facts as to the Medical restriction or Job change absent a full evaluation by a certified Medical Professional, [spelled D-O-C-T-O-R], or the proper information needed to discuss the inmates specific limitations and his restrictions as set forth by the Attending Medical Doctor, and the relationship to the Alternative Work Posistion.

Unless such access by the Medical Committee to that needed information that was permissible under the routine use of O.W.C.P., that should then identify and develop a temporary Alternative Work Duty Assignment. To reduce the disruption to the institution, and to facilitate Mr. Santos' recovery, Mr. Santos could have been placed within the department where his original Job was assigned in UNICOR. Even with an inmate with disabilities, who, with or without reasonable accomodations are performing essential functions at work in UNICOR.

Assignments, a more comprehensive definition of physically and mentally unable or incapable inmates. Medical staff and Sick Call should have made a full diagnosis that Mr. Santos, an employee, would not be able to perform the duties of his permanent position.

This Medical staff should have discussed the complete information with the Medical Committee or with the institution Doctor to resolve the specific limitations and restrictions and the relationship thereof to any alternative work position available at UNICOR. They should have reviewed the Petitioner's claims, assessed his status, and his projected recovery. All possibilities should have been discussed for a return to work were not explained prior to Mr. Santos being terminated from his UNICOR position.

I, Rafael Santos hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the above to be true and correct.

_11-16-2010_
Dated :

Rafael Santos, Petitioner, pro se

## BRIEF IN SUPPORT

Petitioner, while he may not have an assertive right to a particular job or position of work in a prison setting, does indeed have a right, not only to Due Process for removal from work, but as this was deemed a 'disability', the Due Process right, using ADA standards is clear. The Petitioner does indeed have a right to be considered for other work in the same facility, the same as a permanently disabled individual has. The only difference is that when this Petitioner recovers from whatever level of disability is determined, by competent Medical personnel, he would then have a right to his old position at work being returned to him. This is no different, legally, than a person who is temporarily on disability, who is then entitled to return to an old work position.

The first part of the Complaint herein, is that no professional, adept Medical person made a proper diagnosis, thorough examination, to then determine;

A) The amount of disability, i.e., can the person perform his duty?

B) The length of time required for healing to enable the person to perform his original job position adequately.

C) What other, temporary position could be made available to the person while healing from this 'disability'.

D) The required discussion between trained Medical staff, the work representative and the person, to establish other means of work, the restrictions needed Medically, the provisions made by the work facility, and the total length of time for recovery to the health of the person and the return to the original work position.

The second part, is the absence of all the above in this matter, then the total disregard for the Petitioner's need for employment, the neglect to the 'disability', as no Medical correction was done since the removal, that Medical personnel, absent a full examination, determined was needed for the person's health.

Petitioner chalenges this Respondent to prove the following:

1) Medical examination was thorough, and well determined.
2) Medical determination was discussed among the Petitioner, his work representative and that Medical Professional, prior to his 'required removal' from his work place.
3) A Medical plan existed for the treatment of the 'disability'.
4) A timetable existed for the return of the Petitioner to his original position at work.
5) A temporary work assignment had been discussed, and implimented, allowing this Petitioner work at the same facility, in another capacity, without suffering loss of wages, or tenure.

This cannot be done, as the Medical personnel did not thoroughly examine this Petitioner, did not seek an outside professional to evaluate the Petitioner's condition, did not discuss with him the loss of his position at work, possibly permanently, did not perform any work for the 'disability' suffgered, and id not return this Petitioner to his former work position.

Instead, there was no discussion, the write-up caused the termination of employment of the Petitioner, and nothing Medically has been done to improve the 'disability', nor attempt to restore the health of the Petitioner, enabling his return to his former work position. This should have, and continues to be applicable under the ADA standards for review by the Courts. Petitioner is not requiring the Courts to intervene in some BOP 'policy' or 'procedure', but is asking for the same entitlements that any other disabled person receives, whether that be temporary or some permanent condition. Clearly there is a right to that, even in a prison setting that does employ permanently disabled individuals in its work facility. It cannot therefore, discriminate against a temporary disability versus a permanent disability. It must make work arrangements available to the Petitioner, and not just alternate positions, but the same that are available to any disabled individual, dependant only on his disability level.

# PROOF OF SERVICE

I certify that on __1/4/2011__ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

Corrective Care, Inc.
Po Box 2000, FCI Allenwood
White Deer, PA. 17887

Ms. Backovan -PA

§1983 MOTION FOR BIVENS ACTION LAWSUIT, UNDER §1331

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __1/4/2011__ (date) for forwarding to _____. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_[Signature]_
Signature

Dated: 1/4/2011