# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-11-0040** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, and | : | |
| CORRECTIVE CARE, INC., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

On January 6, 2011, Plaintiff Rafael Santos, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed a *Bivens*[1] civil rights action, pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2).

Plaintiff's claim was set forth on a form civil rights complaint routinely provided to inmates. In his form Complaint, Plaintiff simply stated the names of his Defendants, *i.e.* K. Dewald, supervisor for Corrective Care, Inc., and Physician Assistant Rackovan, and his request for compensatory damages. Plaintiff also has included a 1-page typed "Attachment" with his Complaint, as well as a 2-page typed "Brief In Support." (Doc. 1). Plaintiff's form Complaint, along

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).
Plaintiff's original Complaint fell within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

with his "Attachment" and so-called brief, did not comport with Fed.R.Civ.P. 8.[2] Plaintiff seemed to allege that he was improperly diagnosed with a disability by the prison medical staff and that as a result he was removed from his prison job with UNICOR.

As stated, Plaintiff did not complete the Statement of Claim portion of his original Complaint, and he attached three typed pages to this Complaint. Plaintiff appeared to assert that he was wrongfully terminated from his prison employment due to a medical condition.

We found that Plaintiff's original Complaint did not specify any conduct, wrongful or otherwise, of the named defendants. In fact, Plaintiff's original Complaint did not even mention any personal involvement of either Defendant with any cognizable constitutional claim.

On January 13, 2011, we issued an Order and directed Plaintiff to file an amended complaint. (Doc. 6). On February 28, 2011, after being granted extensions of time, Plaintiff filed his Amended Complaint. (Doc. 13). Plaintiff filed his Amended Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, against Defendant United States of America ("USA"), and he asserted a pendent state law negligence claim against Defendant Corrective Care, Inc. Plaintiff seeks the Court to exercise its supplemental jurisdiction over his state law claim against Defendant Corrective Care, Inc. for negligence pursuant to 28 U.S.C. § 1367. Plaintiff did not raise any constitutional claims in his Amended Complaint.

---

[2] It was not clear if Plaintiff named only the two stated individual Defendants or if he also was attempting to name Corrective Care, Inc. as an additional Defendant. A *Bivens* action seeks monetary damages from federal officials for alleged violations of a person's constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.). Thus, Corrective Care, Inc. was not a proper Defendant in a *Bivens* action.

Also, on February 28, 2011, we granted Plaintiff's *in forma pauperis* motion, and we directed service of Plaintiff's Amended Complaint upon the Defendants named therein, namely, United States of America and Corrective Care, Inc. (Doc. 14).

After the Summons was issued as to Defendant Corrective Care, Inc., and the United States Marshal was directed to serve Plaintiff's Amended Complaint upon Defendant Corrective Care, Inc., the United States Marshal's Office notified the Court that it was unable to serve Plaintiff's Amended Complaint upon Defendant Corrective Care, Inc. due to an incorrect address. (Doc. 19). Thus, on April 28, 2011, the Court issued an Order and directed Plaintiff to provide it with more specific information as to the location of Defendant Corrective Care, Inc. so that service could be effectuated upon it. (Doc. 20). Plaintiff filed a letter to the Clerk of Court on May 5, 2011, stating the correct address for Defendant Corrective Care, Inc. (Doc. 21). On May 9, 2011, the Court issued an Order and again directed the United States Marshal to serve Plaintiff's Amended Complaint upon Defendant Corrective Care, Inc. at the address Plaintiff provided. (Doc. 23). However, once again, the United States Marshal's Office was unable to serve Plaintiff's Amended Complaint upon Defendant Corrective Care, Inc. at the address Plaintiff provided. (Doc. 28).

Thus, after two attempts to do so, the United States Marshal was unable to serve Plaintiff's Amended Complaint upon Defendant Corrective Care, Inc. (*See* Docs. 19, 20, 21, and 28). To date, Defendant Corrective Care, Inc. has not been served with Plaintiff's Amended Complaint and Plaintiff has not provided any further address or information as to where to serve this Defendant.

On May 9, 2011, Defendant USA filed a Motion for Summary Judgment. **(Doc. 22)**. A support brief and Statement of Material Facts ("SMF") with an Exhibit (Declaration of Michelle Wirth, Legal Assistant at FCI-Allenwood) were filed by Defendant USA on May 23, 2011. (Docs. 24 and 25). After being afforded an extension of time, Plaintiff filed his opposition brief on June 21, 2011, with attached exhibits, Exs. A-C. (Doc. 31). On July 1, 2011, Defendant USA filed its Reply Brief in support of its Motion for Summary Judgement. (Doc. 33).

**II. Jurisdiction**.

This Court has jurisdiction over Plaintiff's FTCA claim against the United States pursuant to 28 U.S.C. § 1346 and § 2680. *See Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential); *Thomas v. U.S.*, 558 F.Supp.2d 553, 554 (M.D. Pa. 2008).

The United States of America is the only proper Defendant in an FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.).

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675 (a).

The Court in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential), stated:

> The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment" under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA contains a jurisdictional bar that requires a

> plaintiff to file his or her claim with the appropriate federal agency and receive a final denial by that agency before filing a complaint in federal court. *See* 28 U.S.C. § 2675(a).

*See also Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

With respect to Plaintiff's state law negligent claim against Defendant Corrective Care, Inc., the Court can exercise its supplemental jurisdiction over such claim under 28 U.S.C. §1367.

## III. Allegations of Amended Complaint.

In his Amended Complaint (Doc. 13), captioned in part as an FTCA action against Defendant USA, Plaintiff alleges that Assistant Health Services Administrator ("AHSA") K. Dewald, employed by the Bureau of Prisons ("BOP") at FCI-Allenwood, ordered his employment termination from UNICOR without consideration of a reasonable accommodation for his back condition. (Doc. 13, p. 4). Plaintiff avers that "in place of removal from UNICOR, a reasonable accommodation to limited or light duty work restriction in UNICOR [should have been recommended]." (Doc. 13, p. 4). Plaintiff further alleges that AHSA Dewald "failed, and refused to review" the negligent medical treatment rendered by Physician Assistant Rackovan, who was employed by a private corporation contracted by the BOP to provide inmates at FCI-Allenwood with medical care, namely, Defendant Corrective Care, Inc., to ensure Plaintiff was receiving proper and adequate medical care. (Doc. 13, p. 5). As a direct and proximate result of the alleged "intentional negligence" of both Defendant Corrective Care, Inc. and Defendant United States, Plaintiff alleges he has "suffered permanent injury, loss of income, and great pain and suffering." (*Id*. at p. 5).

As relief, Plaintiff requests $50,000.00 in damages from both Defendant Corrective Care, Inc. and Defendant United States "for being negligent in [their] duty to provide [him] with

proper and adequate medical care and for causing [him] pain and suffering." (*Id.*, p. 6).

**IV. Motion for Summary Judgment Standard.**

In *Allen v. Fletcher*, 2009 WL 1542767, *2 (M.D. Pa.), the Court outlined the applicable standard to apply when considering a summary judgment motion as follows:

> Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*
>
> Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed.1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
>
> All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 59 (3d Cir.1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle

> it to judgment as a matter of law. *Anderson,* 477 U.S. at 256-57.
>
> The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

"Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.,* 372 F.3d 517, 521 (3d Cir. 2004).

**V. Statement of Material Facts**.

As its sole argument in its Summary Judgment Motion and support Brief, Defendant USA asserts that Plaintiff failed to exhaust his available administrative remedies of his tort claim with the BOP, prior to filing his Amended Complaint, with respect to his stated FTCA claim as required by 28 U.S.C. §2675. (Doc. 24, p. 3). Also, as stated, Defendant USA filed its SMF (Doc. 25), as required by Local Rule 56.1, M.D. Pa., which support its position that Plaintiff did not exhaust his administrative remedies with respect to his tort claim. Defendant USA attached an exhibit to its SMF to support its contention, namely, the Declaration of Wirth. (Doc. 25-1). Plaintiff, as mentioned, failed to filed his paragraph-by-paragraph response to Defendant USA's SMF as he was obliged to do and as he was aware he was required to file.[3] Plaintiff did attach exhibits, Exs. A-C, to his June 21, 2011 opposition brief. (Doc. 31). Specifically, Plaintiff submitted exhibits pertaining to exhaustion of his BOP administrative remedies as required under the Prison Litigation Reform

---

[3] The docket reveals that Plaintiff was provided a copy of the pertinent Local Rules of this Court. (Doc. 5).

Act, 42 U.S.C. § 1997 ("PLRA"), for constitutional claims against federal officials.[4] However, as Defendant USA recognizes in its Reply Brief (Doc. 33), and as indicated above, Plaintiff's Amended Complaint asserts a negligence claim against Defendant USA under the FTCA. Plaintiff's amended pleading is not styled as a *Bivens* civil rights action under §1331, and it does not assert constitutional claims against BOP officials. Thus, as Defendant USA recognizes in its Reply Brief (Doc. 33), Plaintiff's evidence regarding his attempt to exhaust under 28 C.F.R. §§ 542, *et seq.,* is not relevant to his FTCA claim. Rather, Plaintiff was required to exhaust his tort claim with the BOP pursuant to 28 C.F.R. §§ 543.30, *et seq. (See* Doc. 25-1). *See Accolla v. U.S. Government*, 369 Fed.Appx. 408, 409-410 (3d Cir. 2010)(Per Curiam)("A Plaintiff cannot institute an FTCA suit until he or she presents the claim to a federal agency and receives a final decision on the claim. *See* 28 U.S.C. § 2675(a)." "To bring a suit [under *Bivens*] challenging prison conditions, a prisoner must first properly exhaust available administrative remedies. See 42 U.S.C. §1997e.")(citations omitted).

---

[4]The PLRA provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. "A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id*. (citation omitted). In *Cooper v. Sniezek*, 2010 WL 3528848, *7-*8 (M.D. Pa. 9-7-10), Court stated that "[a]n inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq."*

Defendant has properly filed its SMF in support of its Summary Judgment Motion, as required by Local Rule 56.1 of M.D. Pa., and its facts are all properly supported by evidence. (Doc. 25 & 25-1). Plaintiff did not properly responded to Defendant's SMF as required by Local Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michtavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers,* 2008 WL 3540526 (M.D. Pa.)*; Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff's failure to properly deny Defendant's statement of facts, we accept Defendant's statement of facts (Doc. 25, ¶'s 1.-4.) since they are all supported by its evidence. We also consider Plaintiff's evidence, Doc. 31, Exs. A-C.

Defendant USA's SMF pertain to its failure to exhaust defense and, as stated, are not disputed by Plaintiff's evidence. Thus, as discussed below, Plaintiff did not offer any evidence to dispute Defendant's evidence which shows that he failed to exhaust his present tort claim against the USA with the BOP pursuant to 28 C.F.R. §§ 543.30, *et seq*.

**VI. Discussion.**

**A**s stated, Defendant United States of America has responded to Plaintiff's amended pleading by filing a Motion for Summary Judgment (Doc. 22), and it argues that Plaintiff failed to exhaust his administrative tort claim remedies with the BOP pursuant to 28 C.F.R. §§ 543.30, *et seq.*, as required, prior to seeking judicial relief in federal court. (Doc. 24, p. 2).

Additionally, as mentioned, Defendant Corrective Care, Inc. has not been served with Plaintiff's Amended Complaint, and over 120 days has expired since Plaintiff filed this pleading.

*1. Failure to Serve Defendant Corrective Care, Inc.*

As stated, Plaintiff filed his Amended Complaint on February 28, 2011. (Doc. 13). Also, as stated, the Court issued an order directing the U.S. Marshal's Service to serve the amended pleading on Defendant Corrective Care, Inc., in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 14).  On April 26, 2011, a return of service was filed indicating the U.S. Marshal's Service was unable to serve Defendant Corrective Care, Inc. as the address was incorrect. (Doc. 19).  On April 28, 2011,  the Court issued an Order indicating the U.S. Marshal advised it was unable to serve Defendant Corrective Care, Inc., due to an incorrect address, and if Plaintiff wished to proceed against this Defendant he must file the correct address within fifteen days. (Doc. 20).  The Plaintiff filed an address for Corrective Care, Inc. on May 5, 2011. (Doc. 21).  On May 9, 2011, the Court issued an Order and again directed the United States Marshal to serve Plaintiff's Amended Complaint upon Defendant Corrective Care, Inc. at the address Plaintiff provided.  (Doc. 23).   On June 17, 2011, a letter from the Federal Bureau of Prisons to the U.S. Marshals Service indicated that Corrective Care, Inc. was an unknown entity and could not be identified, and returned the unexecuted waiver of service. (Doc. 28).  Thus, to date, Defendant Corrective Care, Inc. has not been served with Plaintiff's Amended Complaint.

"If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *See* Fed.R.Civ.P. 4(m).

10

Plaintiff has not shown good cause for his failure to provide necessary information to serve Defendant Corrective Care, Inc. It has been over 120 days since Plaintiff filed his amended pleading. As the Court noted in *Banks v. One or More Unknown Named Confidential Informants of Federal,* 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).
>
> In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis*. ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ). Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served,* a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service." (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

*See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.); *Boyle v. SCI-Coal Twp.*, Civil No. 10-1829, M.D. Pa.

11

As stated, more than 120 days have passed since Plaintiff filed his Amended Complaint, and to date, Plaintiff has not provided sufficient information so that service can be made upon Defendant Corrective Care, Inc. Since Plaintiff has not shown good cause for his failure to do so, we will recommend that Defendant Corrective Care, Inc. be dismissed under Rule 4(m).

Additionally, as discussed below, since we find that Plaintiff does not have a viable federal claim under the FTCA against Defendant USA, we will also recommend that the Court decline to exercise its pendent jurisdiction over Plaintiff's state law negligence claim against Defendant Corrective Care, Inc. *See Verdecchia v. Prozan*, 274 F. Supp.2d 712, 728 (W.D. Pa. 2003); *Brown v. Cuscino*, 2011 WL 1085892, *19 (W.D. Pa. 3-21-11)(Since Court dismissed all claims over which it had original jurisdiction, it declined to exercise supplemental jurisdiction over Plaintiff's Pennsylvania law claims pursuant to 28 U.S.C. §1367(c)(3).).

*2. Failure to Exhaust Administrative Remedies for FTCA Claim*

As stated, Plaintiff's sole claim against Defendant United States in his Amended Complaint is under the FTCA, 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675[5], *et seq*. Also,

---

[5] 28 U.S.C. 2675(a) provides that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

12

as mentioned, the United States of America is the only proper Defendant in an FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.); *Accolla v. U.S. Government*, 369 Fed.Appx. at 409-410.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675 (a). *See Rosario v BOP*, 2007 WL 951468, * 4 (M.D. Pa.).

The statute of limitations with respect to Plaintiff's FTCA claim is two years and Plaintiff must first exhaust any tort claim with the BOP. In *Davis v. Miner*, 2007 WL 1237924, *5 (M.D. Pa. 4-26-07), the Court stated:

> An FTCA plaintiff must first present his claim in writing to the appropriate federal agency as an administrative tort claim. § 2675(a). The statute of limitations for submitting an administrative tort claim to the agency is two years. 28 U.S.C. § 2401(b). The plaintiff may sue in federal court only after receiving a "final denial" by the agency.FN11 2675(a). The requirement of receiving a "final denial" by the administrative agency on a FTCA claim "is jurisdictional and cannot be waived." *Bialowes v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971).
>
> > FN11. The agency may either act to deny the claim or, if no action is taken within six months after being filed, the claim will be deemed a final denial for purposes of filing suit in federal court. § 2675(a).

*See also Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009); *Accolla v. U.S. Government*, 369 F. App'x 408, 410 (3d Cir. 2010); *Wadhwa v. Nicholson*, 367 F. App'x 322, 325 (3d Cir. 2010); *Accolla v. U.S. Government*, 369 Fed.Appx. at 409-410.

Here, based on Defendant United States' undisputed evidence, Plaintiff failed to present his negligence claim in writing to the appropriate federal agency, BOP, as an administrative tort claim. In the Declaration of Michelle Wirth, Legal Assistant at the FCI-Allenwood, she avers as follows:

> 2. As a Legal Assistant, I have access to, among other things, records maintained by the Bureau of Prisons regarding administrative claims submitted pursuant to the Federal Tort Claims Act.
> 3. The Bureau of Prisons has established an administrative tort claim procedure through which an inmate can seek compensation from the United States for personal injury, wrongful death or loss of property.
> 4. In the ordinary course of business, computerized indexes of all administrative tort claims filed by inmates are maintained so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue.
> 5. On April 19, 2011, I conducted a search for administrative tort claims filed by the Plaintiff within the Bureau of Prisons.
> 6. **This review revealed that the Plaintiff has not filed any administrative tort claims with the Bureau of Prisons.**

(Defendant's Exhibit No. 1, Doc. 25-1, pp. 2-3)(Emphasis added).

Plaintiff contends in his June 21, 2011 opposition brief that he attempted to exhaust his administrative remedies with the BOP and that the BOP impeded his efforts, and he states that his attached exhibits, Exs. A-C, show this. (Doc. 31). Plaintiff states that "the Government's claim that [he] [has] failed to exhaust administrative remedies is without merit." (*Id.*, p. 8). As discussed above, Plaintiff's exhibits pertain to exhaustion of his BOP administrative remedies for constitutional claims against federal officials as required under the PLRA and not to exhaustion of his tort claim with the BOP as required by the FTCA. Plaintiff confuses his exhaustion requirement under the PLRA with respect to constitutional claims raised in a civil

rights action with exhaustion of administrative remedies of a tort claim under the FTCA. Each statute has separate and distinct exhaustion requirements for separate and distinct claims. *See Accolla v. U.S. Government*, 369 Fed.Appx. at 409-410.

Clearly, Plaintiff failed to present his negligence claim to the appropriate federal agency, BOP, as an administrative tort claim before he filed this action in federal court. As such, we will recommend that the Court grant Defendant USA's Motion for Summary Judgment (Doc. 22). See *Accolla v. U.S. Government*, 369 Fed.Appx. at 409-410.

**VII. Recommendation.**

For the foregoing reasons, it is respectfully recommended that Defendant Corrective Care, Inc. be dismissed from this case under Rule 4(m) without prejudice. It is also recommended that Defendant United States' Motion for Summary Judgment **(Doc. 22)** be granted.

Further, it is recommended that this case be closed.

                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: July 22, 2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-11-0040** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, and CORRECTIVE CARE, INC., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 22, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 22, 2011**