FILED
SCRANTON

AUG 11 2011

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL SANTOS,<br>    Plaintiff<br><br>v.<br><br>CORRECTIVE CARE, et al.,<br>    Defendants | CIVIL NO. 3:11-CV-0040<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM and ORDER

On January 6, 2011, Plaintiff Rafael Santos, who is currently incarcerated in the Federal Correctional Institution- Allenwood in White Deer, Pennsylvania, filed a pro se complaint pursuant to 28 U.S.C. § 1331. (Doc. 1). On January 13, 2011, an Order was issued directing Plaintiff to file an Amended Complaint within fifteen (15) days. (Doc. 6). The Order explained that the original Complaint failed to comport with Federal Rule of Civil Procedure 8, "does not specify any conduct, wrongful or otherwise, of the named defendants" and "does not even mention any personal involvement of a Defendant with any cognizable constitutional claim." (Id.). Plaintiff was granted an extension of time to file his amended complaint, (docs. 9, 12) and, on February 28, 2011, he filed an Amended Complaint against Corrective Care, Inc. and the United States of America ("USA"), (doc. 13).

The Marshals were unable to serve the Amended Complaint on Corrective Care, Inc. at the address Plaintiff listed. (Doc. 19). Accordingly, an Order was issued directing Plaintiff to provide the Court with more specific information about the whereabouts of this Defendant. (Doc. 20). Although Plaintiff advised the Court of an updated address for Corrective Care, Inc., (doc. 21), the summons was again returned unexecuted because "Corrective Care, Inc., is an

1

unknown entity and could not be identified,"(doc. 28).

On May 9, 2011, Defendant USA filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. 22). Thereafter, a statement of facts, a brief in support, a brief in opposition, and a reply brief were filed. See (Docs. 24, 25, 31, 33).

On July 22, 2011, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation ("R&R") recommending that Defendant Corrective Care, Inc. be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure and that the motion for summary judgment of Defendant USA (Doc. 22) be granted. (Doc. 37). Objections to the R&R were due on August 8, 2011. In leu of objections, Plaintiff filed a Motion to Dismiss Without Prejudice to Renewal on August 9, 2011. (Doc. 6). For the reasons set forth below, the R&R will be adopted and Plaintiff's motion to dismiss will be denied in part.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998)

(Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

Having reviewed the instant record, no error is discerned from the R&R. The Report stated that the Amended Complaint was filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., against Defendant USA and asserted a pendent state law negligence claim against Defendant Corrective Care, Inc. (Doc. 37, p. 2). Magistrate Judge Blewitt determined that Plaintiff wanted the Court to exercise supplemental jurisdiction over his state law claim for negligence against Defendant Corrective Care, Inc. pursuant to 28 U.S.C. § 1367, but that he did not raise any constitutional claims. (Id.). The R&R identified the allegations of the Amended Complaint as follows:

> In his Amended Complaint (Doc. 13), captioned in part as an FTCA action against Defendant USA, Plaintiff alleges that Assistant Health Services Administrator ("AHSA") K. Dewald, employed by the Bureau of Prisons ("BOP") at FCI-Allenwood, ordered his employment termination from UNICOR without consideration of a reasonable accommodation for his back condition. (Doc. 13, p. 4). Plaintiff avers that "in place of removal from UNICOR, a reasonable accommodation to limited or light duty work restriction in UNICOR [should have been recommended]." (Doc. 13, p. 4). Plaintiff further alleges that AHSA Dewald "failed, and refused to review" the negligent medical treatment rendered by Physician Assistant Rackovan, who was employed by a private corporation contracted by the BOP to provide inmates at FCI-Allenwood with medical care, namely, Defendant Corrective Care, Inc., to ensure Plaintiff was receiving proper and adequate medical care. (Doc. 13, p. 5). As a direct and proximate result of the alleged "intentional negligence" of both Defendant Corrective Care, Inc. and Defendant United States, Plaintiff alleges he has "suffered permanent injury, loss of income, and great pain and suffering." (Id. at p. 5). As relief, Plaintiff requests $50,000.00 in damages from both Defendant Corrective Care, Inc. and Defendant United States "for being negligent in [their] duty to provide [him] with proper and adequate medical care and for causing [him] pain and suffering." (Id., p. 6).

(Doc. 37, pp. 5-6). The Report then set forth the summary judgment standard. (Id. at pp. 6-7).

Next, the R&R discussed Defendant Corrective Care, Inc., which was never served with Plaintiff's Amended Complaint. (Doc. 37, pp. 10-12). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure: "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Id.) (quoting FED. R. CIV. P. 4(m)). Magistrate Judge Blewitt concluded that "Plaintiff has not shown good cause for his failure to provide necessary information to serve Defendant Corrective Care, Inc. [and i]t has been over 120 days since Plaintiff filed his amended pleading." (Doc. 37, p. 11). The R&R determined that this Defendant should be dismissed without prejudice. (Id. at p. 12). Further, the Magistrate Judge recommended that because Plaintiff does not have a viable claim against Defendant USA, this Court should "decline to exercise its pendent jurisdiction over Plaintiff's state law negligence claim against Defendant Corrective Care, Inc." (Id.) (citing Verdecchia v. Prozan, 274 F. Supp. 2d 712, 728 (W.D. Pa. 2003); Brown v. Cuscino, 2011 WL 1085892, *19 (W.D. Pa. 2011)).

The Report then reviewed the FTCA claim against Defendant USA and Plaintiff's failure to exhaust administrative remedies. (Doc. 37, pp. 12-15). Magistrate Judge Blewitt stated that the "statute of limitations with respect to Plaintiff's FTCA claim is two years and Plaintiff must first exhaust any tort claim with the BOP." (Id. at p. 13) (citing Davis v. Miner, 2007 WL 1237924, *5 (M.D. Pa. 2007)). He found that based on the undisputed evidence, Plaintiff failed to present his negligence claim to the BOP. (Id. at p. 14). Although Plaintiff attempted to exhaust administrative remedies with respect to his constitutional claims, he did not exhaust his tort claim with the BOP as required by the FTCA. (Id.). The Report explained that "Plaintiff

confuses his exhaustion requirement under the PLRA with respect to constitutional claims raised in a civil rights action with exhaustion of administrative remedies of a tort claim under the FTCA." (Id. at pp. 13-14) (stating that "[e]ach statute has separate and distinct exhaustion requirements for separate and distinct claims"), citing Accolla v. U.S. Government, 369 Fed. Appx. 408, 409-10 (3d Cir. 2010). The Magistrate Judge recommended that Defendant USA's motion for summary judgment be granted. (Doc. 37, p. 15).

Plaintiff did not file objections to the R&R. Rather, he filed a motion to dismiss without prejudice to renewal. (Doc. 39). Plaintiff's motion is construed as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). Rule 41 provides:

> ...the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

FED. R. CIV. P. 41(a)(1)(A). Dismissal under this Rule "is without prejudice." FED. R. CIV. P. 41(a)(B). Here, because Defendant USA filed a motion for summary judgment and there is no stipulation of dismissal, Plaintiff's motion (Doc. 39) will be denied as to Defendant USA.

On the other hand, because Defendant Corrective Care, Inc. was never served with the Amended Complaint, it has not filed an answer or summary judgment motion and Plaintiff's motion to withdraw will be granted as to this Defendant.[1] See In re Bath & Kitchen Fixtures

---

[1] Plaintiff is advised that his late motion to withdraw unnecessarily burdened the Court. Had Plaintiff filed his motion at an earlier stage of the proceedings, as the Rule contemplates, judicial resources and time would not have been wasted by the Magistrate Judge or by this Court on Defendant Corrective Care, Inc. It is only because the R&R did not address the merits of Plaintiff's claims that his motion will not be dismissed as to Defendant Corrective Care, Inc. See Short v. Weinrebe, 1988 U.S. Dist. LEXIS 6515 (E.D. Pa. 1988); Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir. 1990) ("Rule 41(a)(2) is misused, however, when the district judge has already rendered a final adjudication clearly resolving the merits of the case....");

Antitrust Litig., 535 F.3d 161 (3d Cir. 2008) (explaining that until a suit has reached the "point of no return", which occurs when the defendant has served either an answer or a summary judgment motion, "dismissal is automatic and immediate -- the right of a plaintiff is 'unfettered'") (internal citations omitted).

## Conclusion

In the absence of objections, the Report and Recommendation was reviewed for plain error and will be adopted. Defendant USA's motion for summary judgment (Doc. 22) will be granted because Plaintiff failed to exhaust administrative remedies with the BOP as to his tort claim, as required by the FTCA. The Amended Complaint will be dismissed without prejudice as to Defendant Corrective Care, Inc. pursuant to Rule 4(m). Further, Plaintiff's motion to dismiss (Doc. 39) will be denied as to Defendant USA and granted as to Defendant Corrective Care, Inc.

_____
**United States District Judge**

---

Latson v. Johnson, 2009 U.S. Dist. LEXIS 79502, *1-2 (W.D. La. 2009) (Considering the prisoner's request "to dismiss his case after an unfavorable report and recommendation ha[d] issued", the Court stated that it agreed "with the recent decision of another district court that prisoners should not be allowed to violate the spirit, if not the letter, of the Prison Litigation Reform Act ('PLRA'), 28 U.S.C. § 1915, by tactics such as this."). Notably, Plaintiff has achieved the same result: dismissal of Defendant Corrective Care, Inc. without prejudice. See (Doc. 37, p. 15).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAFAEL SANTOS,
    Plaintiff

v.

CORRECTIVE CARE, et al.,
    Defendants

:
:
: CIVIL NO. 3:11-CV-0040
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)
:

## ORDER

AND NOW, THIS 11th DAY OF AUGUST, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 37) is **ADOPTED:**

    A. Defendant USA's motion for summary judgment (Doc. 22) is **GRANTED**; and

    B. Defendant Corrective Care, Inc. is **DISMISSED without prejudice**;

2. Plaintiff's motion to dismiss without prejudice (Doc. 39) is **DENIED in part and GRANTED in part:**

    A. The motion is **DENIED** as to Defendant USA; and

    B. The motion is **GRANTED** as to Defendant Corrective Care, Inc.;

3. The Clerk of Courts is directed to **CLOSE** this case; and

4. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

FILED
SCRANTON

AUG 11 2011

PER _____ DEPUTY

_____
**United States District Judge**